UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                    Case No.: 8:19-cr-458-T-33AAS

TROY BEMIS

_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Troy Bemis's Motion to Dismiss (Doc. # 24), filed on January 16, 2020. The United States of America responded in opposition on February 14, 2020. (Doc. # 31). Bemis filed a reply on February 28, 2020. (Doc. # 36). For the reasons that follow, the Motion is granted, and the indictment is dismissed.

**I.  Background**

On October 2, 2019, Bemis was indicted for violating 18 U.S.C. § 2250(a), a section of the Sex Offender Registration and Notification Act (SORNA) that prohibits "knowing[] fail[ures] to register or update [sex offender] registration[s]." (Doc. # 1). The indictment alleges that Bemis violated SORNA by "knowingly fail[ing] to register as a sex offender and update his registration" despite "having previously been convicted in or around 2007, in Pinellas

County, Florida, of Attempted Sexual Battery, an offense requiring him to register as a sex offender." (Id. at 1).

Bemis seeks to dismiss the indictment on the grounds that he is not a "sex offender" as defined by SORNA. (Doc. # 24). The United States has responded (Doc. # 31), and Bemis has replied. (Doc. # 36). The Motion is ripe for review.

## II. Discussion

"This Court may resolve a motion to dismiss in a criminal case when the 'infirmity' in the indictment is a matter of law and not one of the relevant facts is disputed." United States v. Al-Arian, 308 F. Supp. 2d 1322, 1332 (M.D. Fla. 2004). Here, Bemis argues that the indictment should be dismissed because, under the undisputed facts, he does not qualify as a "sex offender" under SORNA.

SORNA's registration requirements apply to state and federal "sex offender[s]." 34 U.S.C. §§ 20911, 20913. SORNA defines "sex offender" as "an individual who [has been] convicted of a sex offense." Id. § 20911(1). With certain exceptions not applicable here, SORNA defines "sex offense" to include:

> (i) a criminal offense that has an element involving a sexual act or sexual contact with another;

> (ii) a criminal offense that is a specified offense against a minor;
>
> (iii) a Federal offense (including an offense prosecuted under section 1152 or 1153 of Title 18) under section 1591, or chapter 109A, 110 (other than section 2257, 2257A, or 2258), or 117, of title 18;
>
> (iv) a military offense specified by the Secretary of Defense under section 115(a)(8)(C)(i) of Public Law 105-119 (10 U.S.C. 951 note); or
>
> (v) an attempt or conspiracy to commit an offense described in clauses (i) through (iv).

34 U.S.C. § 20911(5)(A). The first provision, defining a qualifying sex offense as one with a "sexual act or sexual contact with another" element, is relevant here.

Bemis maintains that his conviction for Florida attempted sexual battery, under the 2002 version of the statute, is not a "sex offense" under the categorical approach. (Doc. # 24 at 6-7). Specifically, Bemis argues that Florida sexual battery (and thus attempted sexual battery) "is broader than SORNA's definition of 'sexual act' and 'sexual contact' because it does not require the offense to be 'related to sexual desire or gratification.'" (Id. at 7). Bemis also contends there is a "realistic probability" that "Florida would prosecute [Florida Statute] § 794.011(5)[(2002)] offenses where the defendant's motivation was not sexual gratification," but rather was motivated by a desire

3

to humiliate, abuse, or degrade the victim. (Id. at 8-9); see Moncrieffe v. Holder, 569 U.S. 184, 191 (2013)(explaining that the categorical approach "is not an invitation to apply 'legal imagination' to the state offense; there must be 'a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime'").

"Congress intended courts to apply a categorical approach to determine whether a conviction qualifies as a sex offense under the sexual contact provision of SORNA." United States v. Vineyard, 945 F.3d 1164, 1170 (11th Cir. 2019). Thus, the Court "may only consider the fact of [Bemis's] conviction and the elements of [Florida's] sexual battery statute to determine whether [his] conviction qualifies as a sex offense under SORNA's sexual contact provision." Id. at 1169.[1] "Under the categorical approach, [Bemis's] conviction will only qualify as a sex offense under SORNA if the [] statute under which he was convicted covers the same conduct

---

[1] Thus, the Court will not consider the description of the crime underlying Bemis's attempted sexual battery conviction as stated in the judgment, as the United States requests. (Doc. # 31 at 1).

4

as — or a narrower range of conduct than — SORNA." Id. at 1170.

Here, at the time of Bemis's conviction, the relevant section of Florida's sexual battery statute read: "A person who commits sexual battery upon a person 12 years of age or older, without that person's consent, and in the process thereof does not use physical force and violence likely to cause serious personal injury commits a felony of the second degree." Fla. Stat. § 794.011(5) (2002). Florida law defines "sexual battery" as "oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object." Fla. Stat. § 794.011(1)(h). "[H]owever, sexual battery does not include an act done for a bona fide medical purpose." Id.

The United States argues that the Court should use the definitions of "sexual contact" and "sexual act" from 18 U.S.C. § 2246(2)(D) and (3), which contemplate a touching that is motivated by something other than sexual arousal, in determining whether Florida attempted sexual battery is a "sex offense" under SORNA. (Doc. # 31 at 2, 4-5); see 18 U.S.C. § 2246(3)(defining "sexual contact" as "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh,

5

or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person").

The Eleventh Circuit clearly rejected this argument in Vineyard. The Vineyard court explained that the "argument that the definition of sexual contact used in 18 U.S.C. § 2246 should be imported into SORNA conflicts with the language and structure of both statutes." Vineyard, 945 F.3d at 1173. It concluded that "there is no reason to import any part of [Section] 2246(3)'s definition of sexual contact into SORNA because there is no legislative relationship between SORNA and [Section] 2246." Id. at 1174. Instead, the court used the plain meaning definition of "sexual contact": "a touching or meeting of body surfaces where the touching or meeting is related to or for the purpose of sexual gratification." Id. at 1172.

It is this definition of "sexual contact" that the Court will use here.[2] Similarly, the Court defines "sexual act" as "something done voluntarily that relates to sexual desire or

---

[2] Given the definition provided by the Eleventh Circuit, the Court will not adopt the broad definition of "sexual contact" that the United States alternatively proposes — that a sexual contact is "an unwanted touching of a sexual nature." (Doc. # 31 at 4).

6

gratification" — the plain meaning definition recently adopted by the Fourth Circuit. See United States v. Helton, 944 F.3d 198, 207 (4th Cir. 2019), as amended (Dec. 4, 2019)("[A]s a matter of ordinary meaning, a 'sexual act' is a something done voluntarily that relates to sexual desire or gratification.").

Thus, "sexual contact" and "sexual act" both require that the act be related to or motivated by sexual gratification. But Florida's definition of sexual battery makes no mention of intent at all. See Aiken v. State, 390 So. 2d 1186, 1187 (Fla. 1980)(holding that "intent for sexual gratification is not an element of sexual battery" under Chapter 794, Fla. Stat.). Thus, as Bemis persuasively argues, "a 2002 Florida Sexual Battery (or an attempt to commit the same) could be committed without the defendant harboring any sexual desire or gratification for himself or anyone else." (Doc. # 24 at 7). Therefore, Florida's definition of "sexual battery" covers a broader range of conduct than SORNA's definition of "sex offense."

Because the Florida attempted sexual battery statute is broader than SORNA's definition of "sex offense," Bemis's conviction for Florida attempted sexual battery does not categorically qualify as a "sex offense" under SORNA. See

7

Vineyard, 945 F.3d at 1170–71 ("If Tennessee's definition of sexual contact 'sweeps more broadly' than SORNA's, Vineyard's sexual battery conviction cannot qualify as a sex offense under the sexual contact provision of SORNA regardless of Vineyard's actual conduct in committing the offense."). Thus, as a matter of law, Bemis was not required to register as a sex offender under SORNA and the indictment must be dismissed.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Troy Bemis's Motion to Dismiss (Doc. # 24) is **GRANTED**. The indictment (Doc. # 1) is dismissed. The Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 4th day of March, 2020.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE